THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEVEN G. MAXFIELD; DANIEL NEWBY; LORI NEWBY; BART GRANT; and TANNER LATHAM,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, in his official capacity as Governor of Utah; and DEIDRE HENDERSON, in her official capacity as Lt. Governor of Utah,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 4:21-cv-00051-DN<br><br>District Judge David Nuffer |

Plaintiffs filed a Notice of Voluntary Dismissal ("Notice")[1] on August 13, 2021, requesting dismissal of this action without prejudice. Because the Notice was not stipulated and Defendants had already filed an answer, Fed. R. Civ. P. 41(a)(2) applies. Therefore, this action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] Defendants were given time to file a statement of suggested terms for the dismissal.[3]

Defendants filed a Statement[4] requesting that this action be dismissed with prejudice, arguing that dismissal without prejudice would violate the stipulated Settlement Agreement and Order of Dismissal agreed to between the parties in *Maxfield et al v. Cox et al*, Case No. 4:21-cv-00031-DN-PK ("Maxfield I").[5]

---

[1] Docket no. 23, filed Aug. 13, 2021.

[2] Fed. R. Civ. P. 41(a)(2).

[3] Docket no. 24, entered Aug. 16, 2021.

[4] Defendants' Statement of Suggested Terms of Dismissal ("Statement"), docket no. 25, filed Aug. 20, 2021.

[5] *Maxfield et al v Cox et al,* Case No. 4:21-cv-00031-DN-PK ("Maxfield I"), Order Granting Joint Motion and Stipulation for Injunctive Relief and Dismissal ("Order of Dismissal"), docket no. 17, filed Apr. 26, 2021. The Order

In settling Maxfield I, the parties stipulated to a specific litigation schedule on a timeline which would allow Plaintiffs to gather signatures for a referendum petition which could appear on the 2022 ballot. The timeline included May 10, 2021, as the Deadline for Plaintiffs to file this lawsuit.

The Deadline in the Order of Dismissal was a scheduling issue, meant to allow the parties to litigate the constitutionality of the challenged law before Plaintiffs began the signature gathering process for the 2022 election. The challenged law applies to that process. The Order of Dismissal does not preclude Plaintiffs from filing another action, in another election cycle, for alleged violations of Plaintiffs' rights by Defendants under the challenged law. Of course, the opportunity to make a challenge that would be on the ballot in 2022 is lost with the dismissal of this case.

Defendants also argue that dismissal without prejudice would be an abuse of the judicial process because they have "spent considerable time and expense in defending against Plaintiffs' claims"[6] and it would abandon the agreed timeline.[7]

Rule 41(a)(2) is designed "primarily to prevent voluntary dismissals which unfairly affect the other side."[8] "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties."[9] Relevant factors to consider when assessing the legal prejudice to the opposing party

---

of Dismissal was based on and essentially recited the Joint Motion and Stipulation for Injunctive Relief and Dismissal ("Settlement Agreement") in Maxfield I, docket no. 16, filed April 26, 2021.

[6] Statement at 8.

[7] Defendants also say Plaintiffs have provided insufficient explanation of the need to dismiss, but Plaintiffs provided an explanation in their Motion. *See* Declaration of Joel Ban ("Declaration"), docket no. 26-1, filed Aug. 23, 2021.

[8] *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (internal citations omitted).

[9] *Id.* (internal quotation marks and citations omitted).

for granting a voluntary dismissal include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for dismissal."[10]

In Plaintiffs' Motion for Voluntary Dismissal ("Motion"),[11] they argue that a dismissal without prejudice will not *legally* prejudice Defendants.[12] Plaintiffs argue that they have given notice of dismissal weeks before the deadline for dispositive motions; the merits of the case are unknown; they have not caused any undue delay; and the case is still in its early stages.[13] Plaintiffs further argue that defendants could use the same legal research and discovery they have gathered for any subsequent related litigation.[14] Plaintiffs also provide an explanation for the need for dismissal that reflects no intention to prejudice Defendants.[15]

There is no sound reason to make this dismissal with prejudice.

Based on Defendants' and Plaintiffs' arguments and the relevant law, Plaintiffs' Motion is granted, and Plaintiffs' Complaint[16] is dismissed without prejudice.

### ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion for Voluntary Dismissal[17] is GRANTED. Plaintiffs' Complaint and this action are DISMISSED without prejudice.

---

[10] *Id.* at 358 (internal quotation marks and citations omitted).

[11] Motion for Voluntary Dismissal ("Motion"), docket no. 26, filed Aug. 23, 2021.

[12] Motion at 2–3.

[13] Motion at 2–3.

[14] Motion at 3.

[15] *See* Declaration.

[16] Complaint for Equitable, Declaratory, and Injunctive Relief ("Complaint"), docket no. 2, filed May 10, 2021, as amended by First Amended Complaint for Equitable, Declaratory, and Injunctive Relief, docket no. 17-1, filed Jul. 20, 2021 (*see* Order Granting [17] Motion for Leave to File Amended Complaint and [19] Motion to Add Party, docket no. 21, filed Aug. 5, 2021).

[17] Docket no. 26, filed Aug. 23, 2021.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Extend Time to File Dispositive Motions[18] is DENIED as MOOT.

The clerk is directed to close the case.

Signed August 23, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[18] Docket no. 27, filed Aug. 23, 2021.